JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   2:11-cv-02361-JHN-PJWx                                   Date:  March 24, 2011
Title:        Novelette Mack v. Creative Investment Group Inc et al

Present: The Honorable JACQUELINE H. NGUYEN

| Alicia Mamer | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:
                Not Present                                              Not Present

**Proceedings:**  ORDER REMANDING TO STATE COURT   (In Chambers)

On March 21, 2011, Defendants Creative Investment Group, Inc., All Counties Trustee Service, Inc., and Joe Kravich removed the present action to this Court.

The court has an obligation to determine whether it has subject matter jurisdiction over this action. *Augustine v. United States*, 704 F.2d 1074, 1075 n.3, 1077 (9th Cir. 1983). There is a strong presumption against removal jurisdiction, and the case must be remanded to state court if the court has any doubts about its subject matter jurisdiction. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

The Notice of Removal ("Notice") indicates that the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1334(b). (Notice ¶ 5.) That statute provides that district courts "shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

Plaintiff's complaint was brought in California Superior Court and alleges state-law causes of action related to a foreclosure against property she owned in Los Angeles County. (Pl.'s Compl. ¶¶ 5–8.) Though the complaint alleges a violation of an automatic stay in a Bankruptcy Court proceeding (*id.* ¶¶ 8, 18), that allegation is brought as part of a state-law claim for wrongful foreclosure that is also premised on Defendants' legal right to foreclose and failures to comply with California laws related to foreclosure. (*Id.* ¶¶ 14–19.)#

Given the claims and factual allegations in the complaint, this case neither arises under title 11 nor arises in a case under title 11; therefore, Defendants presumably intended to assert federal jurisdiction because this case relates to a case under title 11.[1] However, Plaintiff's Bankruptcy proceeding was closed on March 27, 2008. (Pl.'s Compl. Ex. A.) This case thus could not "conceivably have any effect on the estate being administered in bankruptcy" and does not meet

---

[1]  Defendants' Notice is extremely short and fails to lay out Defendants' reasoning regarding the Court's jurisdiction over the matter.

CIVIL MINUTES—GENERAL                                                                                          1

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  2:11-cv-02361-JHN-PJWx | Date:  March 24, 2011 |
| Title:    Novelette Mack v. Creative Investment Group Inc et al | |

the requirements for "related-to" jurisdiction. *Fietz v. Great W. Sav. (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988).

Even if the Court were to conclude that it has subject matter jurisdiction over the present action, abstention would be proper under 28 U.S.C. § 1334(c)(1). There is no question of the efficient administration of the estate, as the estate is no longer being administered; state law issues predominate over issues related to bankruptcy; this case is only remotely related to the closed bankruptcy case; and no core proceedings are involved. *See Eastport Assocs. v. City of L.A. (In re Eastport Assocs.)*, 935 F.2d. 1071, 1075–76 (9th Cir. 1991) (listing factors for consideration in an abstention decision).

In light of the "strong presumption against removal jurisdiction," *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992), **the Court hereby REMANDS this action to the Superior Court of the State of California, County of Los Angeles.**

IT IS SO ORDERED.

                                                                                                ___: N/A
                                                                Initials of Preparer    AM